In the Matter of LENA GONZALEZ, Respondent, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Appellants.

First Department, June 29, 1951.

*Harry F. Karst* of counsel (*Alvin McKinley Sylvester,* attorney), for appellants.

*Monroe I. Katcher, II,* of counsel (*Jerome S. Heller* with him on the brief; *Monroe I. Katcher, II,* attorney), for respondent.

PECK, P. J.   The petitioner owns a restaurant which has had a wine license since 1942 and a liquor license since 1946.   Since 1942, when she married and purchased the restaurant, she has employed her husband as bartender and manager.   He had been employed in the restaurant prior to petitioner's acquiring it. He had been convicted of vagrancy in the year 1927.   The vagrancy consisted of becoming intoxicated with other men and annoying a girl.   Knowledge of the conviction came to the State Liquor Authority some time during the year 1950 and in January, 1951, after a hearing, petitioner's restaurant liquor license

was revoked on a finding that she had violated subdivision 2 of section 102 of the Alcoholic Beverage Control Law, in that she knowingly employed a person convicted of vagrancy, without approval of the authority. Because the license was revoked, petitioner's application for a renewal license for the period commencing March 1, 1951, was denied.

That the husband had been convicted on a charge of vagrancy a quarter of a century before was conceded, as was his employment by petitioner for a period of nine years. No complaint regarding his conduct or the conduct of the premises was made during those nine years. It was also conceded that petitioner knew of her husband's conviction in 1927, in the sense that she knew that on a charge of becoming intoxicated and annoying a girl he had been convicted and served thirty days in the workhouse. The narrow question in the case, upon which petitioner's license hinged, was whether she knew that the offense of which he had been convicted was " vagrancy ". She denied such knowledge. The authority has made a finding against petitioner on evidence which is equivocal and which in our opinion falls short of sustaining the finding. There is no satisfactory showing that she learned the conviction was for " vagrancy " prior to being so advised by an investigator of the Liquor Authority on December 12, 1950.

We must consider what comprises " vagrancy " in weighing petitioner's " knowledge ". No legalistic approach is justified in a case of this kind. Petitioner is operating a little business, out of which a family living is made through the employment of her husband's time and her modest savings. She is not a lawyer. As contrasted with the other misdemeanors or offenses listed in subdivision 2 of section 102 of the Alcoholic Beverage Control Law — specific crimes of common cognizance having a rational moral connection with the disqualification for employment by a licensee — vagrancy is an omnibus of censured conduct, ranging from childhood truancy to living without visible means of support, which not even a lawyer would grasp without getting down the nine-itemed two-page statutory definition, much of which would never be thought of as a ground for barring employment. The probabilities are all with petitioner, that while frankly admitting she knew that her husband had served thirty days in a workhouse for unbecoming conduct, she did not know that it spelled out vagrancy.

The point is made by petitioner's counsel that the forerunner of the disqualification for vagrancy in the Alcoholic Beverage

Control Law was rule 2 of the Rules and Regulations of the State Liquor Authority for the year 1933, which included as a disqualification a conviction for vagrancy " which deals with prostitution ". The argument is made that such was the limitation and meaning of vagrancy as the word was used in the subsequent law. That may well have been the intent and it would be more rational than giving the word its full encyclopedic meaning, but we are unable to surmise that interpretation into the law. It is perhaps appropriate, however, through this opinion, to let the Legislature view this statute in its application and determine whether they intend to make it a disqualification for employment in licensed premises if one as a child of five was a truant from school.

Petitioner also points to the authority's formal statement of policy and procedure governing its approval of employment by licensees of persons disqualified under subdivision 2 of section 102 of the Alcoholic Beverage Control Law. The type of applicant stated to be undesirable is one who has been associated with gangsters or rackets, an habitual offender or professional criminal, or one who by his case history gives indication that he might perform depredation upon his employer. The specified procedure in case of an employee's record showing a conviction for a felony or misdemeanor set forth under subdivision 2 of section 102, which conviction would not " ordinarily " disqualify the employee from obtaining approval, is to notify the employer of the facts and inform him that if he intends to continue to employ such person an application should be made for approval by the authority. Pending consideration of such application, the employment may be continued.

At the time of the hearing in the revocation proceedings in this case, petitioner made an application for approval by the authority of the employment of her husband. The petition has not been acted upon. We may assume that the husband's conviction here does not fall into a class which would " ordinarily " disqualify him from obtaining approval for employment. The question of administrative approval is not before us, however, and we refer to the authority's announced policy and procedure only as an indication of the proper approach to this case — the employment is not absolutely banned, knowledge on the part of the licensee of the disqualification is not assumed, and notice of the disqualification is expected to be given to the licensee by the authority in order that he may make an application for the authority's approval of the employment,

pending the consideration of which the employment may be continued. In this view, certainly a license should not be revoked on account of the disqualification here present without a clear showing that the licensee has set herself against the law by employing a person she knows to be disqualified.

On its argument before us, the authority emphasized the fact that the licensee continued the employment of her husband between the time when she concededly learned of the vagrancy conviction and the hearing before the authority. Undoubtedly the record would have looked better if petitioner had suspended her husband during this brief period, but again the situation must be regarded with reality. The question of his employment was before the authority and probably petitioner felt, in the light of the authority's established policy and procedure, that she was not called upon to act before a ruling was made. We think that she should not be prejudiced for maintaining the *status quo* during the brief interim period involved.

Upon the ground that the evidence fails to establish that petitioner knowingly employed a disqualified person, the order annulling her license revocation should be affirmed. As the authority concedes that the basic reason for refusing a renewal was the cancellation of the license, and it is not suggested that otherwise a renewal would not have been issued, there is no reason why further formalities or additional procedure should be required to restore petitioner's license.

The order of Special Term annulling the action of the Liquor Authority and directing the issuance of a license should, therefore, be affirmed.

Cohn, J. (dissenting). There is ample evidence to sustain the finding of the State Liquor Authority that petitioner knowingly employed a convicted vagrant, Angelo Gonzalez, contrary to the express provisions of subdivision 2 of section 102 of the Alcoholic Beverage Control Law.

Petitioner cannot be heard to say that she did not knowingly violate the law since concededly she had been told of the vagrancy conviction of Angelo Gonzalez and she admits that she continued his employment thereafter.

The question as to the refusal of respondents to issue a renewal license was not properly before the Special Term. One of the reasons assigned by respondents for their refusal to renew was that the license for the prior year had been cancelled.

The order canceling the license was made by the respondents following a hearing as required by section 119 of the Alcoholic

Beverage Control Law. Section 1296 of the Civil Practice Act provides that where the determination was made as a result of a hearing held, and at which evidence was taken, pursuant to statutory direction, the court shall make an order directing that the proceedings be transferred for disposition to a term of the Appellate Division held within the judicial department embracing the county in which the proceeding is instituted.

Until the respondents' order canceling the petitioner's license was initially reviewed by this court as required by the above-mentioned statutory provisions and annulled, the court at Special Term could not rule that the respondents' refusal to issue a renewal license was arbitrary. To do so would necessarily entail a review of the respondents' order canceling the license. As such review had to be made by this court in the first instance, the Special Term was in no position to entertain the branch of the application to compel the issuance of the renewal license.

The order should be reversed in all respects and the petition dismissed.

GLENNON and SHIENTAG, JJ., concur with PECK, P. J.; COHN, J., dissents in opinion in which DORE, J., concurs.

Order affirmed, with $20 costs and disbursements to the petitioner-respondent.